UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**EMILY LOPEZ**                                            **CIVIL ACTION NO.**

**VERSUS**

**20-189-JWD-EWD**

**EAN HOLDINGS, LLC, SMITH GEIGER**
**D/B/A ELEVATE MARKETING, LLC,**
**AND JACQUES NATZ**

**RULING AND ORDER**

Before the Court is a Motion to Substitute Notice of Removal ("Motion"),[1] filed by "Travelers Property Casualty Company of America (incorrectly sued as Travelers Insurance Services")" ("Travelers"),[2] seeking to replace the Notice of Removal[3] with a proposed Amended Notice of Removal[4] that "reflect[s] the original state court caption."[5] The Motion is denied without prejudice, subject to the remainder of this Order, to provide Travelers an opportunity to cure other defects in the Notice of Removal.

**I.    BACKGROUND**

This is a civil action involving claims for damages allegedly sustained by Emily Lopez ("Plaintiff") because of a motor vehicle accident that occurred on February 5, 2019. Specifically,

---

[1] R. Doc. 3.
[2] 28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending."[2] In an unpublished opinion, the Fifth Circuit has stated that "[u]nder 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 (5th Cir. 2014) (citations omitted). Even though Plaintiff initially sued Travelers Insurance Company—Travelers Insurance Services in the caption, there does not appear to be a *De Jongh* issue here because Plaintiff amended her suit in state court to correctly name Travelers Property Casualty Company of America as a defendant before removal. Accordingly, Travelers, a named defendant in Plaintiff's Verified Amended Petition ("Amended Petition"), removed this matter as required by § 1441(a) and interpreted in *De Jongh*. *See* R. Doc. R. Doc. 1-2, p. 10, ¶ 1(A).
[3] R. Doc. 1.
[4] R. Doc. 3-1.
[5] R. Doc. 3.

Plaintiff claims that a vehicle driven by Jacques Natz ("Natz") made an "abrupt right turn" from the left lane of Acadian Thruway to Government Street.[6] Because of Natz's allegedly abrupt turn, Plaintiff claims she was "unable to avoid impact" with and struck the passenger side of Natz's vehicle.[7] Plaintiff also claims that, when the accident occurred: (1) EAN Holdings, LLC ("EAN Holdings") owned the vehicle driven by Natz; (2) Natz was employed by and "was operating under and within the scope of his employment with [Smith Geiger dba Elevate Marketing LLC ("Smith Geiger")];"[8] and (3) Travelers insured the vehicle driven by Natz, Smith Geiger, and/or Smith Geiger's employees, including Natz.[9]

On February 13, 2020, Plaintiff filed her Verified Petition for Damages ("Petition") against Defendants in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[10] On March 4, 2020, Plaintiff filed a Verified Amended Petition for Damages ("Amended Petition"), correctly naming Travelers and adding Smith Geiger as a defendant.[11] Travelers removed the case to this Court on March 31, 2020, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[12] Travelers filed the Motion seeking to substitute its Notice of Removal with a proposed Amended Notice of Removal that "reflect[s] the original state court caption."[13]

**I.    LAW AND ANALYSIS**

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction under 28 U.S.C. § 1332. However, it is

---

[6] R. Doc. 1-2 ("Verified Amended Petition"), pp. 10-11, ¶¶ 3-6.
[7] *Id*.
[8] R. Doc. 1-2, pp.2, ¶¶ 7-9, 13.
[9] *Id*. at ¶ 9. Natz, Travelers, EAN Holdings, and Smith Geiger are collectively referred to as "Defendants."
[10] R. Doc. 1-2, pp. 3-6.
[11] R. Doc. 1-2, pp. 10-14.
[12] R. Doc. 1, ¶ 9. Travelers avers that Natz and Smith Geiger "have given their consent to the filing of this Notice of Removal…" However, Travelers claims that EAN Holdings' consent is not needed because it has not been served in this matter. *Id*.
[13] R. Doc. 3.

2

not clear that complete diversity exists because the citizenship and amount in controversy allegations are deficient.

### A. Citizenship of Travelers, Smith Geiger, and EAN Holdings

The party asserting federal jurisdiction must "distinctly and affirmatively" allege the citizenship of all parties, and "allegations phrased in the negative are insufficient."[14] Citizenship has been properly alleged as to Plaintiff and Natz in the Notice of Removal.[15] However, it is not clear that the parties are diverse because citizenship has not been adequately alleged as to Travelers, Smith Geiger, and EAN Holdings.[16]

In its Notice of Removal, Travelers alleges that it is an "insurer domiciled in the State of Connecticut and with a domicile address of One Tower Square, Hartford, Connecticut 06183."[17] Plaintiff's Amended Petition simply states that Travelers "is a foreign insurance company authorized to do and doing business in the State of Louisiana."[18] For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"[19] Neither the Notice of Removal nor the Amended Petition adequately allege the place of incorporation and principal place of business of Travelers.

As to Smith Geiger, the Notice of Removal states that Smith Geiger is "a California limited liability company with its principal place of business at 31365 Oak Crest drive #150, Westlake

---

[14] *Truxillo v. American Zurich Ins. Co.*, No. 16-639, 2016 WL 6987127, *6 (M.D. La. Oct. 24, 2016) (internal citations omitted).
[15] *See* R. Doc. 1, ¶ 2(A) (alleging that Plaintiff is domiciled in Louisiana), and ¶ 2(d) (alleging that Natz is domiciled in New Jersey).
[16] *See* R. Doc. 1, ¶ 2(B), (C), and (E).
[17] R. Doc. 1, ¶ 2(B).
[18] R. Doc. 1-2, p. 10, ¶ 1(A).
[19] 28 U.S.C. § 1332(c)(1).

3

Village, CA 91361…;"[20] while the Amended Petition states that Smith Geiger is a "domestic limited liability company authorized to do and doing business in the State of Louisiana."[21] Likewise, the Notice of Removal states that EAN Holdings is a "limited liability company domiciled in the State of Delaware and with its principal place of business in the State of Missouri (600 Corporate Park Drive, St. Louis, MO 63105)[,]"[22] while the Amended Petition states that EAN Holdings is a "foreign limited liability company authorized to do and doing business in the State of Louisiana."[23] These are not sufficient allegations regarding Smith Geiger's or EAN Holdings' citizenship because they do not identify the members of Smith Geiger or EAN Holdings or their respective citizenships as required by 28 U.S.C. § 1332(a) and (c).

"[T]he citizenship of a limited liability company is determined by the citizenship of all of its members" for diversity purposes.[24] Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).[25] The same requirement applies to any member of a limited liability company which is also a limited liability company.[26] Travelers will be ordered to amend its Notice of Removal to include adequate citizenship allegations as to Travelers, Smith Geiger, and EAN Holdings.[27]

---

[20] R. Doc. 1, ¶ 2(C). Travelers also alleges that "Elevate Marketing is a trade name/fictious entity utilized by Smith Geiger" but that "Elevate Marketing, LLC is not affiliated in any manner with Smith Geiger."
[21] R. Doc. 1-2, p. 10, ¶ 1(C).
[22] R. doc. 1, ¶ 2(e). Travelers asserts that EAN Holdings' citizenship "should not be considered or required for purposes of diversity analysis under 28 U.S.C. § 1332" because the "inclusion of [EAN Holdings] in this case is inappropriate and erroneous." *Id*. Travelers also appears to suggest that EAN Holdings is fraudulently joined. *Id*. This assertion is addressed in below.
[23] R. Doc. 1-2, p. 10, ¶1(B).
[24] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).
[25] *Id*.
[26] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).
[27] Travelers also argues that EAN Holdings' citizenship should not be considered because EAN Holdings has not been served and because Plaintiff cannot recover from EAN Holdings. First, "[t]he law is clear that the citizenship of all

4

### B. Amount in Controversy

It is also not clear from the Notice of Removal or Amended Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[28] Plaintiff alleges she was injured when her vehicle impacted the vehicle driven by Natz, after he made an "abrupt" right turn.[29] Plaintiff claims she suffered segmental and somatic dysfunction of the lumbar, thoracic, and cervical region; ligament sprains in the cervical and thoracic spine; "disc bulges along the cervical spine with a shallow posterior disc herniation at C6-C7[;]" radiculopathy in the cervical region; muscle contracture; and post-traumatic headaches because of the accident.[30] Plaintiff also claims Defendants are liable for her damages, including physical pain and suffering; mental pain, anguish, and distress; medical expenses; lost wages; and loss of enjoyment of life.[31] In its Notice of Removal, Travelers claims that Plaintiff is "claiming damages in excess of $75,000.00, exclusive of attorney's fees, costs, expenses and judicial interest," based on (1) the foregoing injuries and damages allegations and (2) other "information obtained by Defendants thus far in this litigation."[32]

The allegations in the Amended Petition do not provide enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiff's demands for general categories of damages (*e.g.*, physical pain and suffering; mental pain, anguish,

---

named defendants, *whether served with process or not*, must be considered in determining whether complete diversity exists, thereby providing a jurisdictional basis for removal under 28 U.S.C. § 1441(a)." *Ott v. Consolidated Freightways Corp*. of Delaware, 213 F.Supp.2d 662, 664 and n.1 (S.D. Miss. April 16, 2002) (emphasis in original). If EAN Holdings' members have citizenship(s) diverse from Plaintiff, then the question of whether Plaintiff can recover from EAN Holdings, *i.e.*, whether EAN Holdings is improperly joined, need not be resolved in the context of resolving whether the Court has subject matter jurisdiction. Unless EAN Holdings is non-diverse, Travelers need not include an argument regarding whether EAN Holdings is properly joined in its amended Notice of Removal.

[28] *See* 28 U.S.C. § 1332(a).
[29] R. Doc. 1-2, pp. 10-11, ¶¶ 3-6, 15-16.
[30] R. Doc. 1-2, p. 12, ¶ 15.
[31] R. Doc. 1-2, pp. 12-13, ¶ 16.
[32] R. Doc. 1, ¶ 5.

5

and distress; medical expenses; lost wages; and loss of enjoyment of life, etc.)[33] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[34] Although Travelers provided some limited information about the types of injuries suffered by Plaintiff (*i.e.*, "segmental and somatic dysfunction" of her lumbar, thoracic, and cervical region; ligament sprains of the cervical and thoracic spine; disc bulges and a "shallow posterior disc herniation at C6-C7[;]" post-traumatic headaches, etc.),[35] Travelers has not provided details about Plaintiff's treatment to date, the amount of medical expenses she has incurred, Plaintiff's prognosis or recommended future treatment, whether Plaintiff has been recommended for, or undergone, surgery for any of her injuries, or

---

[33] R. Doc. 1-2, pp. 12-13, ¶ 16.

[34] *Davis v. JK & T Wings, In*c., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cited cases.

[35] R. Doc. 1, ¶ 5; R. Doc. 1-2, pp. 12-13, ¶ 16. A general review of quantum cases demonstrates that general damages awards for multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections. *See*, *e.g.*, *Clement v. Carbon*, 153 So. 3d 460, 464 (La. App. 5th Cir. 2014) (affirming award of $30,000 in general damages for bulging disc at C5-6); *Moody v. Cummings*, 37 So. 3d 1054, 1062 (La. App. 4th Cir. 2010) (affirming award of $45,000 in general damages for minimal bulging at C2-3, C4-5, and C5-6, which appeared to be degenerative, and not traumatic in origin, and pain for a period of 4 years); *Mixter v. Wilson*, 54 So. 3d 1164, 1169 (La. App. 5th Cir. 2010) (increasing award for general damages to $30,000 where MRI revealed two ruptured discs and one bulging disc, and plaintiff was treated with epidural steroid injections); *DiMaggio v. Williams*, 900 So. 2d 1014, 1019 (La. App. 5th Cir. 2005) (affirming general damages award of $15,000 for two bulging discs); *but see Locke v. Young*, 42,703 (La. App. 2nd Cir. 2007), 973 So. 2d 831, 847 (reducing award of $150,000 in general damages award for two bulging discs to $75,000). Further, this Court recognizes that "[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended." *Robinson v. Kmart Corp.*, No. 11-12, 2011 WL 2790192, at *4 n.4 (M.D. La. Apr. 28, 2011), *report and recommendation adopted*, 2011 WL 2937952 (M.D. La. July 14, 2011). Accordingly, courts have found the lack of a recommendation for invasive surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other factors in the record. *See*, *e.g.*, *Hebert v. Hanco Nat. Ins. Co.*, No. 07-362, 2009 WL 255948, at *4-5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff "suffers from a herniated disc, without any recommendation for surgery" and the plaintiff "continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish"); *Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10-53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a "herniated cervical disc [or] segmental cervical instability" and a "herniated lumbar disc [or] segmental lumbrosacral instability" and was a "potential surgical candidate" and plaintiff stipulated that his damages did not exceed $50,000).

whether Plaintiff is working/can work. There is also no evidence of any settlement demand, discovery responses, or other relevant documents that would have bearing on the amount in controversy.

Plaintiff also tries to show that the amount in controversy is satisfied by referencing unspecified "information obtained by Defendants thus far in this litigation." This statement is also insufficient. When—as here—the facially apparent test is not met, the district court may require the parties to "submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal."[36] Travelers' vague reference is not summary-judgment-type evidence that this Court could consider in analyzing whether the amount in controversy is met.

"Federal courts are duty bound to determine their own jurisdiction and may do so *sua sponte* if necessary."[37] This Court cannot ensure the existence of federal subject matter jurisdiction until completely diversity is established and the amount in controversy is satisfied.

Accordingly,

**IT IS ORDERED** that the Motion to Substitute Notice of Removal,[38] filed by Travelers Property Casualty Company of America, is **DENIED WITHOUT PREJUDICE**, subject to the remainder of this Order.

**IT IS FURTHER ORDERED** that by no later than **May 5, 2020**, Travelers Property Casualty Company of America shall file a comprehensive Amended Notice of Removal, that contains all of its numbered allegations as revised, supplemented, and/or amended, without reference to any other document in the record, and that adequately alleges its citizenship and the

---

[36] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *Delta Coatings, Inc. v. Travelers Property Casualty Co. of America*, No. 15-222, 2016 WL 7851411, * 2 (M.D. La. Oct. 21, 2016).
[37] *Fontenot v. Albemarle Corp.*, 181 F3d 96, 1999 WL 346962, * 1 (5th Cir. 1999).
[38] R. Doc. 3.

citizenship of EAN Holdings, LLC and Smith Geiger, LLC d/b/a Elevate Marketing as described in this Ruling and Order.

**IT IS FURTHER ORDERED** that on or before **May 5, 2020,** Travelers Property Casualty Company of America shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that by no later than **May 19, 2020**, Plaintiff shall file either: (1) a Notice stating that she does not dispute that Travelers Property Casualty Company of America has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on April 22, 2020.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

8